## No. 9557.

### JOSEPH OTERI VS. SALVADOR OTERI, ET AL.

*When a part-owner of a vessel, suing for a partition and account, has prayed for a sale of the ship, he cannot on appeal complain of a decree of sale made in conformity to the prayer of his own petition never changed or amended.*

*The principles upon which the decree herein is based are approved, and with correction of error, apparently clerical, in allowance for commissions, is affirmed.*

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe,* J.

*J. P. Hornor* and *F. W. Baker* for Plaintiff and Appellant.

*W. S. Benedict* and *J. W. Gurley, Jr.* for Defendants and Appellees

The opinion of the Court was delivered by

FENNER, J. The plaintiff was one-fourth owner of the steamer E. B. Ward, the business of which was conducted by the firm of S. Oteri & Bro. up to the dissolution of that firm, and thereafter by S. Oteri, in much the same manner as was pursued with reference to the steamer S. J. Oteri, and detailed in the opinion just read in case No. 9526 of our docket.

Plaintiff brings the present suit against his co-owners, praying for a judicial sequestration of the vessel and for a decree ordering her to be sold, and for a partition of the proceeds, and also for an accounting to him for his share of the profits and earnings of the vessel from the 1st of August, 1883 to the date of the suit, July 3, 1884.

The order of judicial sequestration was granted by the court, and immediately afterwards, the defendants obtained an order of court authorizing them to release the sequestration on bond, which was executed.

The case was put at issue, and after the hearing of voluminous evidence, went to judgment in May, 1885.

The decree recognized the ownership of one-quarter of the vessel in Joseph Oteri and three-quarters thereof in Salvador Oteri; ordered the vessel to be sold; fixed the earnings of the vessel during the period involved at the sum of $17,013 49; but, owing to loss of evidence, was unable to fix the deductions to which the managing owner was entitled; and referred the matter to a notary for a completion of the partition and settlement of accounts; with directions to divide the proceeds of sale in the proportions above indicated; to charge Salvador Oteri with the aforesaid earnings, to be accounted for to his co-owner, reserving his right, however, to establish the deductions to which he is entitled for disbursements for repairs and wages, and for

lost time ; recognizing plaintiff's claim for his share of the commissions on sale of cargo of a certain trip No. 80; and finally reserving the rights of the parties to assert whatever claims they may have arising from the employment of the vessel during the pendency of the suit.

From this judgment the plaintiff has appealed.

He complains of the decree in the following particulars, viz:

1st.  He objects to the order for the sale of the vessel, and claims that, in lieu thereof, the judge should have fixed the value of the vessel as it stood at the date of his suit, and should have allowed him one-fourth of that value.

It is difficult to conceive of a more unfounded claim, since the judgment in that respect conforms strictly to the prayer of plaintiff's own petition, which was never amended or changed.

If there is any liability on the part of defendant arising from deterioration in the value of the vessel during the pendency of legal proceedings or from her employment during that period, on which we intimate no opinion, such matters are not within the issues presented by the pleadings in this case, and were properly remitted to other proceedings under the reservation made in the decree.

2d.  He complains of the method pursued by the judge in estimating the profits of the vessel.

The judge adopted the same principles which we have pursued in settling the accounts of the "S. J. Oteri" in the case No. 9526.

With reference to trip No. 80, which was made during the existence of the partnership, he allowed plaintiff his share of the whole profits, including those arising from the purchase and sale of the cargo; while, with regard to subsequent trips, he restricted him to a share in the earnings of the vessel itself ascertained by fixing a reasonable charter-value of the ship.

For the reasons given by us in the opinion just alluded to, and which are fully applicable, we approve his conclusions.

3d.  He claims that we should fix the deductions to which defendant is entitled, and the settlement of which was remitted to the notary.

As the judge's opinion informs us that important evidence on these points was missing from the record, we do not see how he could have pursued a course different from that which he adopted, or how we can convict him of error therein.

4th.  He complains that the decree allows him only one-fourth, instead of one-half of the commissions on the sale of cargo of trip No. 80; and this complaint seems to be well founded.

The judge, in his opinion, recognizes his right to one-half of said

commissions, which were a perquisite of the firm in which he was an equal partner; but the judgment allows him on that account only $104 65, while the trip-book produced by defendant himself shows the total commissions to have been $418 60, of which plaintiff's one-half would be $209 30. In this respect the judgment must be amended, and otherwise affirmed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by increasing the allowance made to defendant as his share of commissions from $104 65 to $209 30, and that, as thus amended, it be now affirmed, defendants and appellees to pay costs of appeal.